determination of the Regional Director, are included in the bargaining unit. By refusing to bargain with the Union over their wages, hours and working conditions and by unilaterally changing the status of some route drivers, United clearly committed unfair labor practices prohibited by the Act. Other reasons are asserted for disregarding the evidence but, in view of what has been said, we need not discuss them.

Respondent's contention that the issue of the status of the distributors should be settled by arbitration is clearly without merit since there is nothing to arbitrate.

The petition for enforcement is granted.

Dean MacD. Greiner, Bristol, Va. (Jones, Woodward, Mills & Greiner, Bristol, Va., on brief), for appellant.

James C. Roberson, Asst. U. S. Atty., for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

The appellant was convicted on six counts for using the mails to defraud. The record discloses a stock-selling promotion which was furthered by various false and fraudulent representations made in letters sent through the United States mails and orally. The appellant challenges the sufficiency of the evidence. The verdict is so abundantly supported by the testimony and exhibits that the appeal must be deemed utterly frivolous and on this ground will be

Dismissed.

**UNITED STATES of America,**
**Appellee,**

v.

**William SHIFLETTE, III, Appellant.**

**No. 9499.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1964.

Decided Oct. 9, 1964.

**UNITED STATES of America,**
**Appellee,**

v.

**James Henry TUCKER, Appellant.**

**No. 9458.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 29, 1964.

Decided Oct. 1, 1964.

